IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION



BEVERLY CARTER,

    Plaintiff,

v.

BELLSOUTH TELECOMMUNICATIONS, INC.,

    Defendant.

CIVIL ACTION NO.
03-AR-0322-S

## MEMORANDUM OPINION

Before the court is the motion of plaintiff, Beverly Carter ("Carter"), for leave to amend her ERISA complaint to add the non-preempted state law claim recently recognized by in *Stern v. International Business Machines*, 326 F. 3d 1367 (11th Cir. 2003). Carter's motion was set for hearing on this court's regular motion docket on September 19, 2003. On September 18, 2003, defendant, BellSouth Telecommunications, Inc. ("BellSouth"), filed a brief and accompanying evidentiary material in opposition to Carter's said motion, but no counsel appeared for BellSouth on September 19, 2003, despite the express condition imposed by the court when it granted *pro hac vice* status to Robert E. Thomas, limiting his right to appear *pro hac vice* by saying **"that he will be physically present at all hearings conducted in the case unless in response to his prior written motion he has been excused."** (emphasis in original). Carter's motion was deserving of oral argument. The court was prepared to ask several pertinent questions of counsel.

Without an opportunity to interrogate counsel, the court will be forced to guess at what the parties' respective answers to the court's questions would have been.

The problem with Carter's belated reliance upon *Stern* is that if she has a state law contract claim like the plaintiff had in *Stern*, she does not have an ERISA claim. The two claims are mutually exclusive rather than alternative. If Carter wishes to dismiss her action without prejudice so that she can file her state law claim in a court which has jurisdiction over it, and where she would be entitled to a jury trial, this court will grant her motion. She clearly does not have the bad faith claim she would include in her *Stern* claim, because the Alabama tort of bad faith is limited to insurance companies. Even without a plaintiff's motion to dismiss, the court will be forced to choose between an ERISA claim over which it has jurisdiction, and a *Stern* claim over which it has no jurisdiction.

If, after carefully considering BellSouth's brief and evidentiary materials, Carter is satisfied that her claim is properly exempted by *Stern* from ERISA, and within ten (10) days she files a motion to dismiss without prejudice, the court will grant it. If such a motion is not filed, the court will deny her motion for leave to amend and will certify the jurisdictional question for interlocutory appeal to the Eleventh Circuit under 28 U.S.C. § 1292(b).

DONE this __23rd__ day of September, 2003.

*William M Acker*

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE